# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

ANTONIO TURNER,

                                :

        Petitioner,                        Case No. 1:10-cv-659

                                :         District Judge Michael R. Barrett
     -vs-                                   Magistrate Judge Michael R. Merz

Warden, Ross Correctional Institution,

                                :

        Respondent.

---

## REPORT AND RECOMMENDATIONS

Petitioner Antonio Turner brought this habeas corpus action *pro se* pursuant to 28 U.S.C. § 2254 to obtain release from the eleven year[1] imprisonment sentence he is serving in Respondent's custody.

Petitioner pleads the following Grounds for Relief:

> **Ground One:**  The trial court erred and therby [sic] deprived Petitioner of Due Process of Law as guaranteed by the Fourteenth Amendment to the United States Constitution and comparable provisions of the Ohio Constitution by overruling Petitioner's Crim. R. 29 Motion for Judgment of acquittal, as the prosecution failed to offer sufficient evidence to prove beyond a reasonable doubt each and every element of offenses.

> **Ground Two:**  The Trial Court erred in permitting introduction of Other Acts Evidence in violation of Rule 404 of the Ohio Rules of Evidence and Petitioner's right to a fair trial and Due Process of Law as guaranteed by the Fourteenth Amendment to the United states

---

[1] Originally sentenced to 20 years, Mr. Turner obtained a reduced sentence as a result of his Application under Ohio App. R. 26(B).

Constitution and comparable provisions of the Ohio Constitution.

> **Ground Three:**  The Prosecuting Attorney's remarks during closing arguments constituted prosecutorial misconduct and plain error which deprived petitioner of a fair trial in violation of the Fourteenth Amendment to the United States Constitution and comparable provisions of the Ohio Constitution.

(Petition, Doc. No. 1, PageID 5-8.)  On Judge Hogan's Order (Doc. No. 3), the Warden has filed a Return of Writ (Doc. No. 13) and Petitioner has filed a Reply (Doc. No. 16).  The case is therefore ripe for decision.

## Ground One

In his first Ground for Relief, Mr. Turner claims his conviction is supported by constitutionally insufficient evidence that he committed the offenses of trafficking in crack cocaine and trafficking in heroin in the vicinity of a juvenile.

This claim was adjudicated on direct appeal by the Ohio Fourth District Court of Appeals. It held:

> [*P16]  Turner contends in his first assignment of error that the trial court erred when it denied his motion for judgment of acquittal under Crim.R. 29.

> [*P17]  We review the trial court's denial of a defendant's Crim.R. 29 motion for acquittal for sufficiency of the evidence. *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 381 N.E.2d 184, syllabus. When reviewing a case to determine whether the record contains sufficient evidence to support a criminal conviction, our function "is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential

elements of the crime proven beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. *See, also, Jackson v. Virginia* (1979), 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560.

[*P18]  This test raises a question of law and does not allow the court to weigh the evidence. *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 Ohio B. 215, 485 N.E.2d 717. Rather, this test "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson* at 319. Accordingly, the weight given to the evidence and the credibility of witnesses are issues for the trier of fact. *State v. Thomas* (1982), 70 Ohio St.2d 79, 79-80, 434 N.E.2d 1356; *State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.

[*P19]  Turner phrased his assignment of error in general terms, but in his argument, he relies solely on his contention that the State failed to prove any of the offenses occurred in the vicinity of a juvenile. However, only the two trafficking offenses require proof that each offense took place within the vicinity of a juvenile. R.C. 2925.03(C)(4)(e); R.C. 2925.03(C)(6)(d).

[*P20]  "An offense is 'committed in the vicinity of a juvenile' if the offender commits the offense within one hundred feet of a juvenile or within the view of a juvenile, regardless of whether the offender knows the age of the juvenile, whether the offender knows the offense is being committed within one hundred feet of or within view of the juvenile, or whether the juvenile actually views the commission of the offense." R.C. 2925.01(BB).

[*P21]  The State relies upon the testimony of several witnesses that the Mershons' 17-year-old son and 9-year-old daughter lived in the house in question. The State also relies upon the testimony of Officer Timberlake that he saw the Mershons' young daughter leaving the house immediately preceding the execution of the search. Transcript at 55.

[*P22]  Turner was convicted of two counts of trafficking in drugs (crack cocaine and heroin) under R.C. 2925.03(A)(2), which prohibits preparing for shipment, shipping, transporting, delivering, preparing for distribution, or distribution of a controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or

another person.

[*P23]  The State's evidence demonstrated Turner would transport the controlled substance from Columbus to Portsmouth, deliver them to the Mershons' home, and then eventually distribute the controlled substance to local dealers in the Portsmouth area. Tony Mershon testified that Turner stayed at the Mershons' home and dealt crack cocaine and heroin on three different occasions. When the officers searched the Mershons' residence they found Turner in the constructive possession of crack cocaine and heroin. This constructive possession was a part of Turner's overall criminal act of transportation, delivery, and distribution. The officer testified that he saw a young girl leaving the house immediately preceding the execution of the search, which found the drugs in the house. If believed, this testimony is sufficient to show that Turner had committed the two offenses of trafficking in drugs within the vicinity of a juvenile. *See, e.g., State v. Smallwood*, Wayne App. No. 07CA63, 2008 Ohio 2107, P24-P26 (manifest weight and sufficiency); *State v. Flores,* Wood App. Nos. WD-04-12, WD-04-50, 2005 Ohio 33, P43-P46 (sufficiency).

[*P24]  Therefore, after viewing the evidence in a light most favorable to the prosecution, we find that any  rational trier of fact could have found the essential elements of the two trafficking in drugs offenses proven beyond a reasonable doubt.

[*P25]  Accordingly, we overrule Turner's first assignment of error.

*State v. Turner*, 2009 Ohio 3114, 2009 Ohio App. LEXIS 2675 (Ohio App. 4th dist. June 1, 2009)

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court.  28 U.S.C. § 2254(d)(1); *Brown v. Payton,* 544 U.S. 133, 134 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362 (2000).

In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and then to the appellate court's consideration of that

verdict, as commanded by AEDPA. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008). More recently the Sixth Circuit gave a fuller explanation of the process:

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh,* 567 F.3d 191, 205 (6th Cir. 2009).

In his argument Mr. Turner emphasizes that no one gave direct testimony of his making a sale of crack cocaine or heroin on October 12, 2007. While that is true, it does not defeat the objective reasonableness of the state court's decision. The testimony established that two juveniles resided at the Mershon apartment where Mr. Turner was arrested. There was direct testimony that at least one of them was there when the police arrived, although she left and came back later. The pattern of activity testified to about Mr. Turner was that he would come to Portsmouth and spend four days distributing what drugs he had brought with him, then return to Columbus to re-supply. The testimony was that drugs packaged for distribution were found concealed in a number of

-5-

different places in the Mershon apartment, including in a light fixture and a vacuum cleaner bag. The indictment charges that the offenses in question occurred on or about October 12, 2007. The statute in question prohibits, disjunctively, preparing for shipment, shipping, transporting, delivering, preparing for distribution, **or** distributing the drugs in question. From the evidence they heard, the jury could readily conclude trafficking (as defined in the statute) took place while one or both of the children were in the house. There was no testimony that Mr. Turner took special care to be sure the children were out of the house when the trafficking took place. This is not like a case of distribution of drugs in an outdoor location where a child happened to be close by. Instead, the evidence showed a pattern of drug distribution inside a residence where children lived. The conviction on these two counts is not defeated by the absence of direct evidence of a sale in the presence of a child. Ground One is without merit and should be dismissed.

## Ground Two

In his Reply, Petitioner concedes that Ground Two raises only state law questions and is therefore not cognizable in federal habeas corpus (Reply, Doc. No. 16, PageID 869). The Court will treat Ground Two as withdrawn.

## Ground Three

In Ground Three Mr. Turner asserts the prosecutor committed misconduct in closing argument and thereby deprived him of a fair trial. The Court of Appeals also decided this claim on as follows:

> [*P38] Turner contends in his third assignment of error that the State engaged in prosecutorial misconduct during closing arguments by "improperly inject[ing] emotion and social obligation into the deliberations." Turner's Brief at 14. Turner claims "these comments were not isolated remarks in the midst of a long, complex closing argument. Rather, these were lengthy commentaries on right, wrong, and justice that bore no relationship to the actual evidence introduced at trial." *Id* at 13.

> [*P39] "A prosecutor's remarks constitute misconduct if the remarks were improper and if the remarks prejudicially affected an accused's substantial rights." *State v. Williams*, 99 Ohio St.3d 439, 2003 Ohio 4164, at P44, 793 N.E.2d 446, *citing State v. Smith* (1984), 14 Ohio St.3d 13, 14, 14 Ohio B. 317, 470 N.E.2d 883.

> [*P40] Prosecutorial misconduct will not provide a basis for reversal unless the misconduct can be said to have deprived the appellant of a fair trial based on the entire record. *State v. Harp,* Adams App. No. 07CA848, 2008 Ohio 3703, at P20, *citing State v. Lott* (1990), 51 Ohio St.3d 160, 166, 555 N.E.2d 293. "The touchstone of analysis 'is the fairness of the trial, not the culpability of the prosecutor.'" *State v. Gapen*, 104 Ohio St.3d 358, 2004 Ohio 6548, at P92, 819 N.E.2d 1047, *quoting Smith v. Phillips* (1982), 455 U.S. 209, 219, 102 S. Ct. 940, 71 L. Ed. 2d 78. We must "view the state's closing argument in its entirety to determine whether the allegedly improper remarks were prejudicial." *State v. Treesh* (2001), 90 Ohio St.3d 460, 466, 2001 Ohio 4, 739 N.E.2d 749.

> [*P41] Because Turner failed to object at trial to the allegedly improper comments by the prosecution, he has waived all but plain error. Crim. R. 52(B); *State v. Slagle* (1992), 65 Ohio St.3d 597, 604, 605 N.E.2d 916. "We may invoke the plain error rule only if we find (1) that the prosecutor's comments denied appellant a fair trial, (2) that the circumstances in the instant case are exceptional, and (3) that reversal of the judgment below is necessary to prevent a miscarriage of justice." *State v. McGee*, Washington App. No. 05CA60, 2007 Ohio 426, at P15, *citing State v. Long* (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus.

[*P42] Our review of the closing arguments indicates Turner falls short of carrying his burden on this point. Turner only specifically identifies two statements of the prosecuting attorney as prejudicial.

[*P43] First, Turner contends the prosecution engaged in "a shameless appeal to jurors' emotions and sense of community by comparing drug trafficking to 'Hurricane Katrina.'" Turner's Brief at 13-14. The prosecutor offered this statement in explaining why his office was concentrating on Turner rather than Tony Mershon. "[Tony Mershon is] not the guy masterminding this. There's the guy that masterminded this, right there, that brought that stuff down from Columbus, right down U.S. 23 like Hurricane Katrina, and it hits our streets." Transcript at 336. Within context, this is simply a response to the arguments Turner's counsel offered to show that Tony Mershon was the owner of the drugs. Even if we suppose that the reference to Hurricane Katrina was gratuitous and inflammatory; the prosecution did not repeat it. It appears only once in the transcript. The clear import of the sentence is the prosecutor's accusation that Turner was the organizer or ringleader of a group of distributors and so deserved to be treated differently than Tony Mershon. Within context, we cannot say this comment denied Turner a fair trial.

[*P44] Second, Turner contends the prosecution engaged in misconduct when it "appeal[ed] for the jury to fulfill its civic duty and 'stop the likes of Antonio Turner[.]'" However, in context the prosecution is not appealing to the jury to "stop the likes of Antonio Turner," rather the prosecution is attempting to bolster the credibility of its witnesses. "I'm going to tell you right now and I'm going to submit to you that the men involved here, the people you see, Todd Bryant sitting right there, and Steve Timberlake are good, honest, brave and honorable men. * * * These are brave honorable men who go out into our streets to stop the likes of Antonio Turner. And if you think anything different, then find [Turner] not guilty." Transcript at 340. To the extent Turner has a valid objection to this line of argument, it is that the prosecution engaged in impermissible vouching for the credibility of the police.

[*P45] During closing arguments, counsel "may state his or her opinion if it is based on the evidence presented at trial." *State v. Jackson*, 107 Ohio St.3d 300, 2006 Ohio 1, at P154, 839 N.E.2d 362. However, neither the prosecutor nor defense counsel is permitted to express his or her personal belief as to a witness's credibility. *Gapen* at P95; *State v. Williams* (1997), 79 Ohio St.3d 1, 12, 1997 Ohio 407,

-8-

679 N.E.2d 646. Counsel may not vouch for a witness's credibility because, "[i]n order to vouch for the witness, [counsel] must imply knowledge of facts outside the record or place [counsel's] personal credibility in issue." *State v. Jackson*, 107 Ohio St.3d 53, 2005 Ohio 5981, at P117, 836 N.E.2d 1173.

[*P46]  Here, it appears that the State engaged in impermissible vouching. Nonetheless, Turner has failed to show that any such vouching satisfies the plain error standard. Turner must show that the prosecutor's comments denied him a fair trial. The prosecutor does appear to vouch for the honesty of the police, but does so in a single paragraph and any prejudice is greatly diminished by the prosecutor's closing sentence, which invited the jury to acquit Turner if the jury did not find the police credible.

[*P47] In addition to the specific statements above, Turner contends that the prosecutor made several "appeal[s] for the jury to fulfill its civic duty." Appeals for a jury to convict a defendant to "send a message" are improper. *State v. Dyer*, Scioto App. No. 07CA3163, 2008 Ohio 2711, at P47. But here, in context, the prosecution is merely arguing that the jury should do its duty and convict Turner because the evidence shows his guilt. "And Ladies and Gentlemen, it is now the time for you to decide, now the time for you to speak the voice of this community. The evidence shows he is guilty, and we ask you to find him guilty of each and every count in the indictment." Transcript at 340. In context, we cannot say this statement prejudiced Turner or deprived him of a fair trial.

[*P48]  Therefore, in applying the plain error doctrine, we find misconduct regarding some of the prosecutor's comments in closing argument but cannot find (1) that the comments denied Turner a fair trial, (2) that the circumstances in the instant case are exceptional, and (3) that reversal of the judgment below is necessary to prevent a miscarriage of justice. Consequently, we do not invoke the plain error rule in this case.

[*P49] Accordingly, we overrule Turner's third assignment of error. Having overruled all three of Turner's assignments of error, we affirm the judgment of the trial court.

*State v. Turner, supra*.

The Warden asserts that this Court should not reach the merits of this Ground for Relief

-9-

because Turner procedurally defaulted in presenting it to the state courts.  The procedural default

defense in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims
> in state court pursuant to an adequate and independent state
> procedural rule, federal habeas review of the claims is barred unless
> the prisoner can demonstrate cause of the default and actual prejudice
> as a result of the alleged violation of federal law; or demonstrate that
> failure to consider the claims will result in a fundamental miscarriage
> of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones,* 238 F. 3d 399, 406 (6th

Cir. 2000).  That is, a petitioner may not raise on federal habeas a federal constitutional right he

could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977);

*Engle v. Isaac*, 456 U.S. 107 (1982).  Absent cause and prejudice, a federal habeas petitioner who

fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.

*Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000); *Murray v. Carrier*, 477 U.S. 478, 485 (1986);

*Engle v. Isaac*, 456 U.S. 107 (1982);  *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  *Wainwright*

replaced the "deliberate bypass" standard of *Fay v. Noia,* 372 U.S. 391 (1963).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a

habeas claim is precluded by procedural default.  *Eley v. Bagley*, 604 F.3d 958, (6th Cir. 2010)

*Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), citing *Maupin v. Smith*, 785 F.2d 135, 138

(6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407

(2001).

> First the court must determine that there is a state procedural rule that
> is applicable to the petitioner's claim and that the petitioner failed to
> comply with the rule.
>
> . . . .

Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).

Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.

Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin,* 785 F.2d, at 138.

Petitioner argues the Court of Appeals did not find a procedural default in this case.  He

argues

The respondent contends that the Court of Appeals only reached the federal question under "plain error" review and that this court should decline review for this reason. Without "cause and prejudice" this court does not address issues in which the state court has properly and fully invoked procedural default through application of a contemporaneous objection rule. *Biros v Bagley* (6th Cir 2005) 422 F3d 379, 387; *Hinkle v Randle* (6th Cir 2001) 271 F3d 239, 244.

The petitioner contends, however, that the Court of Appeals did not review his prosecutorial misconduct claim under the plain error rule. Petitioner concedes that he did fail to object to the prosecutorial misconduct and the Court of Appeals noted petitioners failure to object. See Pg 13 of court of appeals opinion. On page 13 of the court of appeals opinion the court stated" We may invoke the plain error rule only if we find (1) that the prosecutor's comments denied appellant a fair trial, (2) That the circumstances in the instant case are exceptional, and (3) that reversal of the judgment below is necessary to prevent a miscarriage of justice."

Those are the three prongs that the court of appeals rely on in determining whether the court will review petitioner's claim for plain

> error review. However, on pg 16 of the court's assessment, the court
> found misconduct regarding some of the prosecutor's comments in
> closing argument but the court stated that the petitioner did not
> satisfy the court's three prong plain error test. See slip Op at 16.
> Interestingly, the court concluded "consequently, we do not invoke
> the plain error rule in this case." The court of appeals own language
> entails that as a result of petitioner in not satisfying the three prong
> test, the court of appeals did not review petitioner's claim for plain
> error because the court did not invoke the plain error rule in this case.

(Reply, Doc. No. 16, PageID 871-872.)

Petitioner is correct in arguing further that when a federal habeas court cannot tell if the state

court has invoked a procedural default, it will proceed to decide the merits. *Id.* PageID 872.

However, it is plain to this Court that the Ohio Court of Appeals did enforce a procedural rule – the

contemporaneous objection rule –  against Petitioner,  thereafter reviewed the claim for plain error,

and found no plain error.  It plainly states at ¶ 41: "Because Turner failed to object at trial to the

allegedly improper comments by the prosecution, he has waived all but plain error. Crim. R. 52(B);

*State v. Slagle* (1992), 65 Ohio St.3d 597, 604, 605 N.E.2d 916."  It then goes on to state what an

appellant must show to establish plain error, that is, what an appellant must show to get an Ohio

court of appeals to invoke the Ohio plain error rule.  In the language quoted by Petitioner, the Court

of Appeals is saying that it "invokes" the plain error rule only when the three prongs are met.  In

context it is clear the Court of Appeals means that it will reverse for plain error only if all three

prongs are met.

Applying the required *Maupin* analysis to this claim, the Court notes first of all that Ohio

does have a contemporaneous objection rule, to wit, that  parties must preserve errors for appeal by

calling them to the attention of the trial court at a time when the error could have been avoided or

corrected, set forth in *State v. Glaros*, 170 Ohio St. 471, 166 N.E.2d 379 (1960), paragraph one of

the syllabus; *see also State v. Mason*, 82 Ohio St. 3d 144, 162, 694 N.E.2d 932 (1998).

Second, as concluded above, the Fourth District Court of Appeals enforced this rule against Mr. Turner.

Third, the contemporaneous objection rule is an adequate and independent ground of decision. *Nields v. Bradshaw*, 482 F.3d 442 (6th Cir. 2007); *Biros v. Bagley,* 422 F.3d 379, 387 (6th Cir. 2005); *Mason v. Mitchell*, 320 F.3d 604 (6th Cir. 2003), *citing Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000), *citing Engle v. Isaac,* 456 U.S. 107, 124-29 (1982). *See also Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000). *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011); *Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir.), *cert. denied*, 131 S. Ct. 185 (2010).

Lastly, Petitioner has not shown excusing cause and prejudice with respect to the lack of contemporaneous objection.

Petitioner's Third Ground for Relief is barred by procedural default and should be dismissed.

### Conclusion

On the basis of the foregoing analysis, it is respectfully recommended that the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree, it is also recommended that Petitioner be denied any requested certificate of appealability and leave to appeal *in forma*

*pauperis*.

September 22, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge


## NOTICE REGARDING OBJECTIONS


Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).


J:\Documents\Turner, Antonio Habeas R&R.wpd

-14-