# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ANTONIO TURNER,

    Petitioner,

    -vs-

Warden, Ross Correctional Institution,

    Respondent.

Case No. 1:10-cv-659

District Judge Michael R. Barrett
Magistrate Judge Michael R. Merz

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner Antonio Turner's Objections (Doc. No. 20) to the Magistrate Judge's Report and Recommendations (Doc. No. 18) which recommended dismissal of the Petition with prejudice. The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed.

### Ground One

In his First Ground for Relief, Petitioner asserts there was insufficient evidence to convict him of trafficking in drugs where the only evidence was of constructive possession. The Fourth District Court of Appeals found the evidence sufficient to permit the inference of trafficking because of the way the drugs were packaged and secreted within the Mershon household. This was not an

objectively unreasonable application of *Jackson v. Virginia*, 443 U.S. 307 (1979), and thus is entitled to deference from this Court under 28 U.S.C. § 2254(d)(1).

**Ground Two**

The Report treated Ground Two as withdrawn because it raised only state law questions. Petitioner makes no objection to that result.

**Ground Three**

In Ground Three Petitioner asserts prosecutorial misconduct. The Report concluded this Ground was procedurally defaulted because there had been no contemporaneous objection, this is an adequate and independent state ground for decision, and the court of appeals had decided the claim on this basis by engaging in "plain error" review.

In his Objections, Petitioner asserts that the court of appeals' reliance on plain error review is ambiguous and therefore this Court should reach the merits. Upon re-reading the court of appeals' opinion, the Magistrate Judge finds reliance on plain error doctrine to be clear, although not as easily understandable to a lay person as to an attorney.

If this Court agrees with Petitioner that the state court's reliance on plain error is ambiguous, then this Court would reach the merits of the prosecutorial misconduct claim. However, the opinion of a state court on plain error review is still entitled to AEDPA deference if the federal court reaches the merits despite the procedural default. *Fleming v. Metrish*, 556 F.3d 520 (6th Cir. 2009).

Petitioner's Ground Three claims prosecutorial misconduct in closing argument. In his Reply, Petitioner specifies "three seperate [sic] improper appeals to the emotions and passions of the jury." (Reply, Doc. No. 16, PageID 872)

> The following statements were made by the prosecutor as the last words the jury heard:
>
>> [Tony Mershon's] not the guy masterminding this. There's the guy that masterminded this, right there, that brought the stuff down from Columbus, right down U.S. 23 like hurricane Katrina, and it hits our streets. That's why he is sitting there.
>>
>> I am going to tell you right now and I'm going to submit to you that the men involved here, the people you see, Todd Bryant sitting right there, and Steve Timberlake are good, honest, brave and honorable men. They go and meet the Antonio Turners in the street for us, but we can't do that. Next time your neighbor is selling dope of there [sic], go over and talk to him about it. Next time it's down the street people are selling dope, go talk. No, you'll call the police because they are going to do for us things that we can't do for ourselves. And to say that they did it honestly is preposterous. These are brave, honorable men who go out into our streets to stop the likes of Antonio Turner.
>>
>> And Ladies and Gentlemen, it is now the time for you to decide, now is the time for you to speak the voice of this community. The evidence shows he is guilty, and we ask that you find him guilty of each and every count in the indictment. Thank you, Your Honor.

*Id.* at PageID 872-873, *citing* Trial Tr. 336-340.

The entire opinion of the court of appeals on the prosecutorial misconduct claim is as follows:

> [*P38] Turner contends in his third assignment of error that the State

engaged in prosecutorial misconduct during closing arguments by "improperly inject[ing] emotion and social obligation into the deliberations." Turner's Brief at 14. Turner claims "these comments were not isolated remarks in the midst of a long, complex closing argument. Rather, these were lengthy commentaries on right, wrong, and justice that bore no relationship to the actual evidence introduced at trial." *Id* at 13.

[*P39] "A prosecutor's remarks constitute misconduct if the remarks were improper and if the remarks prejudicially affected an accused's substantial rights." *State v. Williams*, 99 Ohio St.3d 439, 2003 Ohio 4164, at P44, 793 N.E.2d 446, citing *State v. Smith* (1984), 14 Ohio St.3d 13, 14, 14 Ohio B. 317, 470 N.E.2d 883.

[*P40] Prosecutorial misconduct will not provide a basis for reversal unless the misconduct can be said to have deprived the appellant of a fair trial based on the entire record. *State v. Harp*, Adams App. No. 07CA848, 2008 Ohio 3703, at P20, citing *State v. Lott* (1990), 51 Ohio St.3d 160, 166, 555 N.E.2d 293. "The touchstone of analysis 'is the fairness of the trial, not the culpability of the prosecutor.'" *State v. Gapen*, 104 Ohio St.3d 358, 2004 Ohio 6548, at P92, 819 N.E.2d 1047, quoting *Smith v. Phillips* (1982), 455 U.S. 209, 219, 102 S. Ct. 940, 71 L. Ed. 2d 78. We must "view the state's closing argument in its entirety to determine whether the allegedly improper remarks were prejudicial." *State v. Treesh* (2001), 90 Ohio St.3d 460, 466, 2001 Ohio 4, 739 N.E.2d 749.

[*P41] Because Turner failed to object at trial to the allegedly improper comments by the prosecution, he has waived all but plain error. Crim. R. 52(B); *State v. Slagle* (1992), 65 Ohio St.3d 597, 604, 605 N.E.2d 916. "We may invoke the plain error rule only if we find (1) that the prosecutor's comments denied appellant a fair trial, (2) that the circumstances in the instant case are exceptional, and (3) that reversal of the judgment below is necessary to prevent a miscarriage of justice." *State v. McGee,* Washington App. No. 05CA60, 2007 Ohio 426, at P15, citing *State v. Long* (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus.

[*P42] Our review of the closing arguments indicates Turner falls short of carrying his burden on this point. Turner only specifically identifies two statements of the prosecuting attorney as prejudicial.

[*P43] First, Turner contends the prosecution engaged in "a shameless appeal to jurors' emotions and sense of community by

comparing drug trafficking to 'Hurricane Katrina.'" Turner's Brief at 13-14. The prosecutor offered this statement in explaining why his office was concentrating on Turner rather than Tony Mershon. "[Tony Mershon is] not the guy masterminding this. There's the guy that masterminded this, right there, that brought that stuff down from Columbus, right down U.S. 23 like Hurricane Katrina, and it hits our streets." Transcript at 336. Within context, this is simply a response to the arguments Turner's counsel offered to show that Tony Mershon was the owner of the drugs. Even if we suppose that the reference to Hurricane Katrina was gratuitous and inflammatory; the prosecution did not repeat it. It appears only once in the transcript. The clear import of the sentence is the prosecutor's accusation that Turner was the organizer or ringleader of a group of distributors and so deserved to be treated differently than Tony Mershon. Within context, we cannot say this comment denied Turner a fair trial.

[*P44] Second, Turner contends the prosecution engaged in misconduct when it "appeal[ed] for the jury to fulfill its civic duty and 'stop the likes of Antonio Turner[.]'" However, in context the prosecution is not appealing to the jury to "stop the likes of Antonio Turner," rather the prosecution is attempting to bolster the credibility of its witnesses. "I'm going to tell you right now and I'm going to submit to you that the men involved here, the people you see, Todd Bryant sitting right there, and Steve Timberlake are good, honest, brave and honorable men. * * * These are brave honorable men who go out into our streets to stop the likes of Antonio Turner. And if you think anything different, then find [Turner] not guilty." Transcript at 340. To the extent Turner has a valid objection to this line of argument, it is that the prosecution engaged in impermissible vouching for the credibility of the police.

[*P45] During closing arguments, counsel "may state his or her opinion if it is based on the evidence presented at trial." *State v. Jackson*, 107 Ohio St.3d 300, 2006 Ohio 1, at P154, 839 N.E.2d 362. However, neither the prosecutor nor defense counsel is permitted to express his or her personal belief as to a witness's credibility. *Gapen* at P95; *State v. Williams* (1997), 79 Ohio St.3d 1, 12, 1997 Ohio 407, 679 N.E.2d 646. Counsel may not vouch for a witness's credibility because, "[i]n order to vouch for the witness, [counsel] must imply knowledge of facts outside the record or place [counsel's] personal credibility in issue." *State v. Jackson,* 107 Ohio St.3d 53, 2005 Ohio 5981, at P117, 836 N.E.2d 1173.

[*P46] Here, it appears that the State engaged in impermissible

> vouching. Nonetheless, Turner has failed to show that any such vouching satisfies the plain error standard. Turner must show that the prosecutor's comments denied him a fair trial. The prosecutor does appear to vouch for the honesty of the police, but does so in a single paragraph and any prejudice is greatly diminished by the prosecutor's closing sentence, which invited the jury to acquit Turner if the jury did not find the police credible.
>
> [*P47] In addition to the specific statements above, Turner contends that the prosecutor made several "appeal[s] for the jury to fulfill its civic duty." Appeals for a jury to convict a defendant to "send a message" are improper. *State v. Dyer*, Scioto App. No. 07CA3163, 2008 Ohio 2711, at P47. But here, in context, the prosecution is merely arguing that the jury should do its duty and convict Turner because the evidence shows his guilt. "And Ladies and Gentlemen, it is now the time for you to decide, now the time for you to speak the voice of this community. The evidence shows he is guilty, and we ask you to find him guilty of each and every count in the indictment." Transcript at 340. In context, we cannot say this statement prejudiced Turner or deprived him of a fair trial.
>
> [*P48] Therefore, in applying the plain error doctrine, we find misconduct regarding some of the prosecutor's comments in closing argument but cannot find (1) that the comments denied Turner a fair trial, (2) that the circumstances in the instant case are exceptional, and (3) that reversal of the judgment below is necessary to prevent a miscarriage of justice. Consequently, we do not invoke the plain error rule in this case.
>
> [*P49] Accordingly, we overrule Turner's third assignment of error. Having overruled all three of Turner's assignments of error, we affirm the judgment of the trial court.

*State v. Turner*, 2009 Ohio 3114, 2009 Ohio App. LEXIS 2675 (Ohio App. 4th Dist. June 1, 2009).

On habeas corpus review, the standard to be applied to claims of prosecutorial misconduct is whether the conduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process," *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974); *Darden v. Wainwright,* 477 U.S. 168 (1986); *Bates v. Bell*, 402 F.3d 635, 640-41 (6th Cir. 2005); *Kincade v. Sparkman*, 175 F.3d 444 (6th Cir. 1999) or whether it was "so egregious as to render the entire trial

fundamentally unfair." *Cook v. Bordenkircher*, 602 F.2d 117 (6th Cir. 1979); *accord Summitt v. Bordenkircher*, 608 F.2d 247 (6th Cir. 1979), *aff'd sub nom*, *Watkins v. Sowders*, 449 U.S. 341 (1981); *Stumbo v. Seabold*, 704 F.2d 910 (6th Cir. 1983). The court must first decide whether the complained-of conduct was in fact improper. *Frazier v. Huffman*, 343 F.3d 780 (6th Cir. 2003), *citing United States v. Carter*, 236 F.3d 777, 783 (6th Cir. 2001). A four-factor test is then applicable to any conduct the Court finds inappropriate: "(1) whether the conduct and remarks of the prosecutor tended to mislead the jury or prejudice the defendant; (2) whether the conduct or remarks were isolated or extensive; (3) whether the remarks were deliberately or accidentally made; and whether the evidence against the defendant was strong." *Id.* The court must decide whether the prosecutor's statement likely had a bearing on the outcome of the trial in light of the strength of the competent proof of guilt. *Angel v. Overberg*, 682 F.2d 605, 608 (6th Cir. 1982). The court must examine the fairness of the trial, not the culpability of the prosecutor. *Serra v. Michigan Department of Corrections,* 4 F.3d 1348, 1355 (6th Cir. 1993), *quoting Smith v. Phillips*, 455 U.S. 209, 219 (1982). In *Serra*, the Sixth Circuit identified factors to be weighed in considering prosecutorial misconduct:

> In every case, we consider the degree to which the remarks complained of have a tendency to mislead the jury and to prejudice the accused; whether they are isolated or extensive; whether they were deliberately or accidentally placed before the jury, and the strength of the competent proof to establish the guilt of the accused.

*Id.,* at 1355-56, *quoting Angel*, 682 F.2d at 608. The misconduct must be so gross as probably to prejudice the defendant. *Prichett v. Pitcher*, 117 F.3d 959, 964 (6th Cir. 1997), *cert. denied*, 118 S. Ct. 572 (1997); *United States v. Ashworth,* 836 F.2d 260, 267 (6th Cir. 1988). Claims of prosecutorial misconduct are reviewed deferentially on habeas review. *Thompkins v. Berghuis,* 547 F.3d 572 (6th Cir. 2008), *citing Millender v. Adams*, 376 F.3d 520, 528 (6th Cir. 2004). See also

*Johnson v. Bell*, 525 F.3d 466, 482 (6th Cir. 2008); *Bates v. Bell*, 402 F.3d 635 (6th Cir., 2005); and *Bowling v. Parker*, 344 F.3d 487, 512-13 (6th Cir. 2003).

When the court of appeals opinion on this assignment of error is measured against the relevant United States Supreme Court cases, it cannot be said that the state court's opinion is an objectively unreasonable application of the relevant Supreme Court precedent. Therefore, even if the Court decides to reach the merits of the Third Ground for Relief, it should be dismissed with prejudice.

## Conclusion

Having considered Petitioner's Objections, it is again respectfully recommended that the Petition herein be dismissed with prejudice and Petitioner be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

November 23, 2011.

s/ **Michael R. Merz**<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and

shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).